UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

WILFRIDO BONILLA,

                         Plaintiff,

        -against-

CITY OF NEW YORK, SERGEANT JOHN
DEBENEDETTO, SERGEANT JASON ISAIA,
LIEUTENANT PAUL GAGLIA, and DEPUTY
INSPECTOR VINCENT SALERNO,

                         Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

Civil Action No.
18 Civ. 12142 (KPF)

       **WHEREAS**, Plaintiff has sought certain documents in discovery in this action, documents which Defendants deem confidential; and

       **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured; and

       **WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

       1.    As used herein, "Confidential Materials" shall mean (a) all documents or information specific to current or former employees of The City of New York / New York City Police Department (NYPD), other than Plaintiff, including, but not limited to disciplinary, time and attendance, labor relations, investigative, or other files and the information contained therein

of current or former employees of the City or NYPD; (b) proprietary, financial, confidential or otherwise personal information, documentation, or files pertaining to the City or NYPD; and (c) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential" by the Defendants or the Court, except that such documents and information shall not be designated "Confidential" to the extent that they are obtained by the parties by subpoena or are otherwise publicly available, except that if such documents therein include any material that would be marked as "Confidential" under either subsection (a) or (b) of this paragraph.

      2.      Neither the Plaintiff nor the Plaintiff's attorneys shall use the Confidential materials for any purpose other than for the preparation or presentation of the party's case in this action.

      3.      Neither the Plaintiff nor the Plaintiff's attorneys shall disclose the Confidential materials to any person except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this action.

    b. Disclosure before trial may be made to the party, an expert or consultant who has been retained or specially employed by the party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court or a party to this action), Plaintiffs shall provide each such person with a copy of this Order, and such person shall consent in

writing, in the form annexed hereto as Exhibit "A," not to use the Confidential materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent form shall be retained by Plaintiff's attorneys and a copy shall be furnished to Defendants' attorneys at Defendants' request.

4. Deposition testimony concerning any Confidential materials which reveals the contents of such materials shall be deemed confidential, and each page of the transcript of such testimony, together with any exhibits referred to therein, shall be prominently marked as "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential materials within the meaning of this Stipulation and Protective Order.

5. When Plaintiff wishes to include any documents containing Confidential materials or which reveal the contents thereof in any Court filing, Plaintiff agrees to first contact Defendants at least 5 business days in advance of such filing, and request the filing of redacted documents pursuant to the Individual Rules of Practice in Civil Cases of the Honorable Katherine P. Failla. Alternatively, the Defendants may waive the confidential designation, at which point the Plaintiff, if Plaintiff desires, may request the filing of redacted documents pursuant to the Individual Rules of Practice in Civil Cases of the Honorable Katherine P. Failla.

6. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential material,

including all copies and non-conforming copies thereof, shall not be used by the Plaintiff for any purpose. Nothing in this Order shall be construed to limit the Defendants' use of the Confidential materials in any manner.

**Inadvertent Production**

7. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law, (collectively, "Protected Material") shall not constitute a waiver of any privilege or protection applicable to that information in this action.

8. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") or any other entity or individual receiving Protected Material return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity, in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed. If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

9. Within five (5) business days of receiving a Clawback Demand, the Receiving Party and any other entity or individual receiving Protected Material shall either return the Protected Material or destroy the Protected Material, including any documents containing Protected Material regardless of whether the Receiving Party agrees with the assertion of privilege and/or work product protection.

10. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

11. After receiving a Clawback Demand, the Receiving Party shall not disclose Protected Material to any person or entity that had not already had access to the material. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

12. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

13. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

14. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

15. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated:      New York, New York
            February 24, 2021

**LAW OFFICE OF JOHN A. SCOLA, PLLC**
*Attorney for Plaintiff*
90 Broad Street, Suite 1023
New York, NY 10004
(888) 404-4975

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 2-188
New York, New York 10007
(212) 356-2387
(646) 531-0502

By:  /s/
    John A. Scola

By:  /s/
    Abed Z. Bhuyan
    Assistant Corporation Counsel

**SO ORDERED:**

Dated:  February 26, 2021

*[signature]*

KATHERINE POLK FAILLA
United States District Judge

```
This protective order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any
time. This Court will retain jurisdiction to enforce this
Order only for the pendency of this lawsuit.
```

## **EXHIBIT A**

I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 20\_\_, in the action Bonilla. v. City of N.Y. et al., 18 Civ. 12142 (KPF), and understand the terms thereof.

I agree not to use the Confidential material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential materials except in testimony taken in this case.

I agree to submit to the jurisdiction of the Courts of the Southern District of New York for purposes of enforcement of this agreement.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential materials or the information contained in the Confidential materials, including but not limited to all copies, notes, summaries, and such other materials that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____          _____
   Date                                                                             Signature

                                                                        _____
                                                                           Print Name

                                                                        _____
                                                                           Occupation